**RECORD NO. 14-4011**

In The

# United States Court Of Appeals

## For The Fourth Circuit

### UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

### MICHAEL JAMES TAYLOR,

*Defendant – Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT BRYSON CITY

_____

### NON-CONFIDENTIAL BRIEF OF APPELLANT

_____

**Jacob H. Sussman**
**TIN, FULTON, WALKER**
**& OWEN, PLLC**
**301 East Park Avenue**
**Charlotte, NC  28203**
**(704) 338-1220**

*Counsel for Appellant*

# TABLE OF CONTENTS

**PAGE:**

TABLE OF AUTHORITIES ............................................................................ iii

STATEMENT OF JURISDICTION.................................................................1

ISSUES PRESENTED FOR REVIEW .............................................................1

STATEMENT OF THE CASE .........................................................................1

    Statement of Facts...............................................................................4

SUMMARY OF ARGUMENT .........................................................................8

ARGUMENT .....................................................................................................8

██████████████████████████████████████████

    ██████████████████████████

    ██████████████████████████

II.    The District Court Erred by Imposing a Procedurally
    Unreasonable Sentence .................................................................21

    Standard of Review .......................................................................21

    Discussion ......................................................................................21

        A.    The District Court Erred in Determining the Drug
        Quantity Attributable to Michael Taylor ..................................22

        Standard of Review...................................................................22

        Discussion ...............................................................................23

        B.    The District Court Erred by Failing to Address the
        Relevant Sentencing Factors Under 18 § 3553........................25

i

Standard of Review ................................................................25

Discussion ................................................................25

C.   The District Court Erred in Rejecting Michael Taylor's Claim that the Guidelines for Crystal Methamphetamine Under § 2D1.1 are Flawed and Should Not Be Applied ..........29

Standard of Review ................................................................29

Discussion ................................................................29

III.   The District Court's Sentence Was Substantively Unreasonable .......31

Standard of Review ................................................................31

Discussion ................................................................31

CONCLUSION ................................................................34

STATEMENT REGARDING ORAL ARGUMENT ............................................34

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**PAGE(S):**

**CASES:**

*Addington v. Texas*,
   441 U.S. 418 (1979)..............................................................................16, 17

*Ake v. Oklahoma*,
   470 U.S. 68 (1985)...........................................................................9, 17, 18, 19

*Chambers v. Mississippi*,
   410 U.S. 284 (1973)....................................................................................21

*Gall v. United States*,
   552 U.S. 38 (2007)..........................................................................22, 25, 32

*Glover v. United States*,
   531 U.S. 198, 121 S. Ct. 696, 148 L. Ed. 2d 604 (2001) ..............................21

*Graham v. Florida*,
   560 U.S. 48 (2010)........................................................................................27

*Koon v. United States*,
   518 U.S. 81 (1996).................................................................................14, 26

*Miller v. Alabama*,
   132 S. Ct. 2455 (2012)..................................................................................27

*Rita v. United States*,
   551 U.S. 338 (2007).......................................................................................14

*Roper v. Simmons*,
   543 U.S. 551 (2005)......................................................................................27

*Townsend v. Burke*,
   334 U.S. 736 (1948).......................................................................................24

*United States v. Alden*,
   767 F.2d 314 (7th Cir. 1984) ........................................................................10

*United States v. Barnette*,
    211 F.3d 803 (4th Cir. 2000) ..........................................................18

*United States v. Beier*,
    490 F.3d 572 (7th Cir. 2007) ...................................................... 18-19

*United States v. Bell*,
    667 F.3d 431 (4th Cir. 2011) ..................................................21, 25

*United States v. Carter*,
    564 F.3d 325 (4th Cir. 2009) ..................................................25, 26

*United States v. Cravens*,
    275 F.3d 637 (7th Cir. 2001) ........................................................10

*United States v. Curry*,
    523 F.3d 436 (4th Cir. 2008) ........................................................31

*United States v. Fullilove*,
    388 F.3d 104 (4th Cir. 2004) ........................................................21

*United States v. Gilliam*,
    987 F.2d 1009 (4th Cir. 1993) ......................................................24

*United States v. Go*,
    517 F.3d 216 (4th Cir. 2008) ........................................................32

*United States v. Goodman*,
    556 F. Supp. 2d 1002 (D. Neb. 2008) ..........................................30

*United States v. Halsema*,
    No. 05-13016, 180 F. App'x 103,
    2006 WL 1229005 (11th Cir. May 9, 2006)..................................18

*United States v. Hampton*,
    441 F.3d 284 (4th Cir. 2006) ........................................................31

*United States v. Hartsell*,
    127 F.3d 343 (4th Cir. 1997) ......................................................8, 9

*United States v. Hayes*,
    No. CR-12-4040, 2013 WL 2468038 (N.D. Iowa June 7, 2013) .................30

*United States v. Hubel*,
    625 F. Supp. 2d 845 (D. Neb. 2008) ............................................................30

*United States v. Lipkins*,
    417 F. App'x 683 (9th Cir. 2011) .........................................................13, 14

*United States v. Lopez*,
    219 F.3d 343 (4th Cir. 2000) .......................................................................22

*United States v. Lynn*,
    592 F.3d 572 (4th Cir. 2010) .......................................................................22

*United States v. MacCloskey*,
    682 F.2d 468 (4th Cir. 1982) .......................................................................21

*United States v. Mackins*,
    315 F.3d 399 (4th Cir. 2003) .......................................................................29

*United States v. Mendoza-Mendoza*,
    597 F.3d 212 (4th Cir. 2010) .......................................................................22

*United States v. Montes-Pineda*,
    445 F.3d 375 (4th Cir. 2006) .......................................................................32

*United States v. Perrera*,
    842 F.2d 73 (4th Cir. 1988) ...........................................................................9

*United States v. Pressley*,
    345 F.3d 1205 (11th Cir. 2003) ...................................................................28

*United States v. Pullen*,
    89 F.3d 368 (7th Cir. 1996) .........................................................................13

*United States v. Rivera*,
    192 F.3d 81 (2d Cir. 1999) ..........................................................................13

*United States v. Stall*,
    581 F.3d 276 (6th Cir. 2009) .......................................................................18

*United States v. Theriault,*
  440 F.2d 713 (5th Cir. 1971) .......................................................10

*United States v. Urrego-Linares,*
  879 F.2d 1234 (4th Cir. 1989) .....................................................24

*United States v. Walter,*
  256 F.3d 891 (9th Cir. 2001) .......................................................13

*United States v. Wooden,*
  693 F.3d 440 (4th Cir. 2012) ..................................................16, 17

*Wood v. Zahradnick,*
  578 F.2d 980 (4th Cir. 1978) .......................................................17

**STATUTES:**

18 U.S.C. § 3006A(e)...........................................................................9

18 U.S.C. § 3006A(e)(1)....................................................................9, 10

18 U.S.C. § 3553 .......................................................................*passim*

18 U.S.C. § 3553(a) ..................................................................*passim*

18 U.S.C. § 3742(a) .............................................................................1

21 U.S.C. § 841 ...................................................................................1

28 U.S.C. § 1291 .................................................................................1

**CONSTITUTIONAL PROVISION:**

U.S. Const. amend. XIV .................................................................9, 24

**SENTENCING GUIDELINES:**

U.S.S.G. § 1B1.8.......................................................................2, 23, 24

U.S.S.G. § 2D1.1.......................................................................1, 29, 31

U.S.S.G. § 2D1.1(b)(12) .....................................................................3

U.S.S.G. § 3006A(e)(1) ........................................................................10

U.S.S.G. § 3B1.1(a) ...............................................................................3

U.S.S.G. § 4B1.1(a) .............................................................................27

U.S.S.G. § 5K1.1..........................................................................2, 5, 6

U.S.S.G. § 6A1.3...................................................................................24

**OTHER:**

http://www.justice.gov/opa/pr/2014/April/14-ag-373.html ...................31

http://www.ussc.gov/sites/default/files/pdf/news/press-releases-and-news-advisories/press-releases/20140410_Press_Release.pdf .........................31

Stuart Grassian, *Psychiatric Effects of Solitary Confinement*,
    22 WASH. U.J.L. & POL'Y 325 (2006).................................................12, 28

## STATEMENT OF JURISDICTION

The District Court had jurisdiction over this matter pursuant to 21 U.S.C. § 841.  Mr. Taylor filed a timely notice of appeal from the district court's final judgment on January 2, 2014. [Joint Appendix ("JA") 188]  This Court has jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## ISSUES PRESENTED FOR REVIEW

██████████████████████████████████████████████

████████████

2.   **The District Court Erred by Imposing a Procedurally Unreasonable Sentence.**

   A.   **The District Court Erred in Determining the Drug Quantity Attributable to Michael Taylor.**

   B.   **The District Court Erred by Failing to Address the Relevant Sentencing Factors Under 18 § 3553.**

   C.   **The District Court Erred in Relying on Flawed Guidelines for Crystal Methamphetamine Under § 2D1.1.**

3.   **The District Court Erred by Imposing a Substantively Unreasonable Sentence.**

## STATEMENT OF THE CASE

Michael James Taylor was arrested by criminal complaint on August 9, 2011. [JA 3]  On September 20, 2011, Mr. Taylor was formally charged in a one-count indictment with participating in a drug distribution conspiracy along with ten

named co-defendants. [JA 15-17]  On February 6, 2012, Mr. Taylor pleaded guilty "straight up" to the one-count indictment. [JA 39-80]



On April 3, 2013,

Mr. Banzhoff filed a motion to withdraw. [JA 9]  The district court granted the motion and appointed new counsel on September 25, 2013. [JA 11]

A draft Presentence Investigation Report (PSR) was initially prepared on December 18, 2012. [JA 416]  Mr. Taylor filed objections to various aspects of the PSR, including its inclusion and use of information obtained from Mr. Taylor during debriefings by the government and protected under § 1B1.8; calculation of

2

drug quantities; application of a leadership enhancement under § 3B1.1(a); application of maintaining a dwelling enhancement under § 2D1.1(b)(12); and the application of a Career Offender enhancement. [JA 190-206]   The PSR was subsequently revised on two occasions.   The final PSR, reflecting the parties' objections and amendments made by probation, was filed on December 13, 2013. [JA 416-451]

Prior to sentencing, Mr. Taylor filed a Sentencing Memorandum, which disputed, among other things, the application of the Career Offender enhancement and reliance on the methamphetamine guidelines; urged the district court to recognize Mr. Taylor's substantial assistance; provided extensive background information about Mr. Taylor; and identified numerous other factors under § 3553(a) to support a variance below the advisory sentencing guidelines.   The Sentencing Memorandum—both the original filed [JA 257-409] and subsequent addenda [JA 410-415]— included a number of exhibits in support of Mr. Taylor's arguments.

The sentencing hearing was held on December 12, 2013.  The district court denied Mr. Taylor's objections to the PSR's findings and calculation of the advisory guidelines. [JA 113-115] The district court determined that Mr. Taylor's total offense level was 39 and that with the assessment of the Career Offender status, his criminal history category was VI. [JA 115]  Finding that the advisory

guideline range was a term of incarceration of 360 months to life in prison, the district court sentenced Mr. Taylor to a term of 324 months. [JA 170]  This appeal follows. [JA 188]

### Statement of Facts

Michael James Taylor was arrested on August 9, 2011 for his involvement in a methamphetamine distribution conspiracy. [JA 3] Mr. Taylor began cooperating with law enforcement immediately upon his arrest. His information was deemed "reliable and credible" and quickly resulted in the controlled purchase of a half pound of crystal methamphetamine and the arrests of three individuals (all of whom were later convicted and sentenced). [JA 124, 275-276]  Including the day of his arrest, Mr. Taylor met law enforcement a total of six (6) times and "provided a large number of names, nicknames, and other identifying information to the agents, [and] also provided extensive details about relationships, locations, drug amounts, and sources of supply." [JA 412, 338-391]  With respect to Mr. Taylor's cooperation, the district court later commented that it "seems to have been of significant value." [JA 173]

In late December 2011, the prosecution provided Mr. Taylor, through his attorney at the time, Andrew Banzhoff, a proposed plea agreement. [JA 412]  At the time, the government was planning to use Mr. Taylor as a prosecution witness at an upcoming trial involving co-defendants in the same indictment. [JA 396, 400]

However, a disagreement between Mr. Banzhoff and the government ensued over the drug amount to which Mr. Taylor would be required to stipulate in his plea agreement. [JA 393-396]   In addition to this disagreement, a significant misunderstanding developed between counsel about whether Mr. Taylor's eligibility for a government motion for a downward departure pursuant to U.S.S.G. § 5K1.1 depended on Mr. Taylor signing the plea agreement. [JA 22-27, 414]  As Mr. Banzhoff later explained to the magistrate court:

> I was informed that the Government would not file any 5(k) motions for the Defendant if he pled straight up, despite the fact that I believe there's not only been substantial work done on his behalf that he has done on his own behalf as far as assistance, but I believe there's an oral contract that has been executed and performed upon by Mr. Taylor on the day he was arrested between Mr. Kent and -- he and Mr. Taylor. They had an oral discussion where certain promises were made to him in exchange for certain actions taken by Mr. Taylor and which Mr. Taylor did with the expectation that the Government would fulfill those promises.

[JA 22-23]

After a colloquy before Magistrate Judge Dennis Howell on January 10, 2012 during a scheduled Rule 11 hearing, the matter was postponed. [JA 33] ███

██████████████████████████████████

██████████████████████████████████

████████████████████

          ████████████████████████████

████████████████████████████████
██████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████

On November 6, 2013, with new defense counsel in place, the parties reached an apparent understanding. Although a stark disagreement remained about the extent to which the sentencing court should vary to properly reflect Mr. Taylor's cooperation, the government indicated that, at the time of sentencing, it would recognize Mr. Taylor's cooperation and not oppose a variance. [JA 86-87]

On December 11, 2013, on the eve of sentencing, the government informed the district court that based on Mr. Taylor's advisory guideline range of 360 to life and a criminal history category of VI, the government was requesting that the court "depart no more than six levels if the Court determines that it will depart to account for the cooperation the defendant did complete." [JA 411]

Prior to sentencing, Mr. Taylor filed a lengthy sentencing memorandum and attached a number of exhibits. [JA 257-409; 410-415]   Both in the sentencing memorandum and during the sentencing hearing on December 12, 2013 (and, to a much lesser extent, as reported in the PSR), it was brought to the district court's attention that Mr. Taylor had --

- Cooperated substantially [JA 273-289];

- Been addicted to methamphetamines and was using the drug on a daily basis at the time of his arrest on August 9, 2011 [JA 270, 438];

- Suffered "a history of physical and sexual abuse and other personal traumas," including abandonment by his parents, early exposure to drugs and alcohol, sexual abuse at the hands of an older relative, and living with a number of serious yet undiagnosed mental illnesses.  [JA 147, 264-272, 437-438];

- Committed the predicate offenses rendering him a Career Offender when he was a damaged and suicidal 17 year old [JA 148-149, 267-269];

- Agreed to plead guilty to the government's proposed plea agreement despite his lawyer's own objections [JA 20, 132, 413];

- Been assaulted in jail while awaiting sentencing due to his cooperation with the government [JA 272, 309-329];

- Been held in isolation— 23 hours a day in his cell—for the majority of his 28 months of pre-sentencing detention [JA 270-271]; and

- Been prescribed at least 18 different medications during his pre-sentencing detention—including Depakote, Divalproex and Lithium (for bipolar mania), Risperidone (for mixed and manic states associated with bipolar disorder), Gabapentin (for anxiety associated with bipolar disorder), Clonidine (for ADHD and anxiety/panic), Vistaril (for anxiety and tension), Alprazolam, Effexor, and Propranolol (for anxiety and panic), Buspar (for anxiety), Prazosin (for PTSD related symptoms), Paxil (for depression and anxiety), Venlafaxine, Citalopram,

and Doxepin (for depression), Ranitidine (for ulcers), and Naproxen (for Cubital Tunnel Syndrome)—and had gained over 110 pounds during the course of his pretrial detention as a result of anxiety, stress, medication, and lack of access to recreation.  [JA 271].

In addition, Mr. Taylor told the district court during sentencing that he was sorry for his actions and took responsibility for his offense conduct.  [JA 170]

## SUMMARY OF ARGUMENT

Mr. Taylor received a 324 month sentence after the district court erred by failing to grant Mr. Taylor's *ex parte* motion for expert assistance.  Because of the district court's error, Mr. Taylor was unable to present material information during sentencing ███████████████████████████████████████████████ ████████████████████████████████████████ 18 U.S.C. § 3553.  In addition, the district court imposed a sentence that was both procedurally and substantively unreasonable.  Mr. Taylor should be granted a new sentencing hearing.

## ARGUMENT



███████████████████████████████████████████████ ███████████████████████ ████████████████ ███████████████████████████████████████ ███████████████████████████ *See United States v. Hartsell*, 127 F.3d 343, 349 (4th Cir. 1997).  ████████████████████████████████████

██████████████████████████ 18 U.S.C. § 3006A(e), ████████

████████████████████████████████████ *See United States v.*

*Perrera*, 842 F.2d 73, 77 (4th Cir. 1988).

████████

█████████████████████████████████████████████

████████████████████████████████ *Hartsell*, 127 F.3d

at 349 (quoting 18 U.S.C. § 3006A(e)(1)).████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

████ *Ake v. Oklahoma*, 470 U.S. 68, 76, 77 (1985) ████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

*Id.* at 76.

█████████████████████████████████████████████

██████████████████████████████████ *id.* at 76, ████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████







Stuart Grassian, *Psychiatric Effects of Solitary Confinement*, 22 WASH. U.J.L. & POL'Y 325 (2006)."



*United States v. Lipkins*, 417 F. App'x 683 (9th Cir. 2011), ▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮ *See*, *e.g.*, *United States v. Walter*, 256 F.3d 891, 894 (9th Cir. 2001) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *United States v. Rivera*, 192 F.3d 81, 84-85 (2d Cir. 1999); *United States v. Pullen*, 89 F.3d 368, 372 (7th Cir. 1996).

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

*See Rita v. United States*, 551 U.S. 338, 364 (2007) ██████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████ *Koon v. United States*, 518 U.S. 81, 113 (1996)).

████████████████████████████████████████████

██████████████████████████████

███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
██████████████████

417 F. App'x at 685 (emphasis added).

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████



███████████████████████████████████████████

███████████████████████████████████████ *See*

*United States v. Wooden*, 693 F.3d 440, 451 (4th Cir. 2012) ████████

███████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████ *Addington v. Texas*, 441 U.S. 418, 429

(1979)) ████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

█████████████

██████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

█████████████

16

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████ *Ake*, 470 U.S. at 80.

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

*See Wooden*, 693 F.3d at 451 █████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████ *Addington v. Texas*, 441 U.S. 418, 429 (1979)) █████████

*Wood v. Zahradnick*, 578 F.2d 980, 982 (4th Cir. 1978) █████████

███████████████████████████████████████████

███████████████████████████████████████████

17



§ 3553(a). *See*

*United States v. Barnette*, 211 F.3d 803, 825 (4ᵗʰ Cir. 2000)

(citing *Ake*, 470 U.S. at 83); *see also United States v. Stall*, 581

F.3d 276 (6ᵗʰ Cir. 2009)

*United States v. Halsema*, No. 05-13016, 180 F. App'x 103, 105, 2006

WL 1229005 (11ᵗʰ Cir. May 9, 2006)

*See United States v. Beier*, 490 F.3d 572, 574 (7ᵗʰ



Cir. 2007) ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████

██ ██████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████ § 3553(a),

████████████████████████████████████████████

██████████████████████████████ *Ake*, 470 U.S. at 76-77.

    ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████ *See United States v. MacCloskey*, 682

F.2d 468, 479 (4th Cir. 1982) ██████████████████████████

██████████████████████████ *Chambers v. Mississippi*, 410 U.S.

284, 294 (1973) ██████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████ *Glover v. United States*, 531 U.S. 198, 203, 121 S. Ct. 696,

148 L. Ed. 2d 604 (2001). ██████████████████████

## II.    The District Court Erred by Imposing a Procedurally Unreasonable Sentence.

**Standard of Review**

This Court applies an abuse of discretion standard when reviewing a sentence for reasonableness. *See United States v. Bell*, 667 F.3d 431, 440 (4th Cir. 2011). In assessing whether the district court properly calculated the guidelines range, this Court reviews the district court's legal conclusions *de novo* and its factual findings for clear error. *See United States v. Fullilove*, 388 F.3d 104, 106 (4th Cir. 2004).

**Discussion**

Whether a defendant's sentence is reasonable has both procedural and substantive components. This Court must first ensure that the District Court did not commit any significant procedural error, "'such as failing to calculate (or

improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range.'" *United States v. Lynn*, 592 F.3d 572, 575 (4th Cir. 2010) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). If this Court finds that the district court's sentencing decision was procedurally sound, it should then "examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010).

Here, the district court erred in determining the drug quantity attributable to Michael Taylor; failed to reasonably consider the § 3553(a) factors and adequately explain the chosen sentence; and erred in relying on flawed methamphetamine guidelines.

**A.** **The District Court Erred in Determining the Drug Quantity Attributable to Michael Taylor.**

**<u>Standard of Review</u>**

A district court's drug quantity calculation is reviewed for clear error. *See United States v. Lopez*, 219 F.3d 343, 348 (4th Cir. 2000).

22

**Discussion**

Over Mr. Taylor's objection, the district court erroneously adopted probation's recommendation that Mr. Taylor was responsible for 1,850.22 grams of "actual" methamphetamine. [JA 109]   The district court erred in adopting probation's calculation because probation's determination was based, in significant part, on information Mr. Taylor himself provided that was otherwise protected under U.S.S.G. § 1B1.8.

Both prior to and during his sentencing hearing, Mr. Taylor objected to the PSR calculation of 1,850.22 grams of "actual" methamphetamine based on the fact that the drug quantity was derived, in some part, from Mr. Taylor's own statements provided to the government as part of his cooperation, which was protected under § 1B1.8.[2] [JA 447]  Notably, probation conceded that its investigation was based to some extent on information provided by Mr. Taylor during his own, otherwise protected debriefings.  As the PSR explained, the drug amount "was not based solely on the defendant's statements provided to the government subsequent to his arrest." [JA 447]

---

[2] U.S.S.G. § 1B1.8 states, in pertinent part, that "[w]here a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, and as part of that cooperation agreement the government agrees that self-incriminating information provided pursuant to the agreement will not be used against the defendant, then such information shall not be used in determining the applicable guideline range, except to the extent provided in the agreement."

The government confirmed prior to sentencing that it "could not seek to the hold the defendant responsible for those additional historical drug quantities [provided by Mr. Taylor during his debriefings]. Such an attempt would be inconsistent with U.S.S.G. § 1B1.8, Department of Justice policies and practices, and the [prosecutor's] ethical obligations." [JA 209] Yet despite probation's concession and the government's agreement that Mr. Taylor should not be held accountable for drug quantities he provided to law enforcement during debriefings, the district court did not require the government to make clear on the record where the attributable drug quantities came from, if not Mr. Taylor himself during his protected debriefings.

When there is a dispute as to drug quantity attributable to a defendant, "the district court must make an independent resolution of the factual issue at sentencing." *United States v. Gilliam*, 987 F.2d 1009, 1013 (4th Cir. 1993). At such time, the government has the burden of proving by a preponderance of the evidence the drug quantity attributable to the defendant. *Id*. Moreover, both the Fourteenth Amendment's Due Process Clause and U.S.S.G. § 6A1.3 require that guideline drug calculations be based on reliable evidence and be sufficiently explained by the district court. *See United States v. Urrego-Linares*, 879 F.2d 1234, 1239 (4th Cir. 1989) (citing *Townsend v. Burke*, 334 U.S. 736 (1948)). Because the district court adopted probation's drug quantity calculation without reconciling

24

probation's concession that its drug quantity calculation was based in some part on Mr. Taylor's otherwise-protected statements, as well as the government's agreement that Mr. Taylor "could not" be held responsible for such quantities, this Court should vacate Mr. Taylor's sentence and remand for resentencing.

**B.    The District Court Erred by Failing to Address the Relevant Sentencing Factors Under 18 § 3553.**

### Standard of Review

This Court applies an abuse of discretion standard when reviewing a sentence for reasonableness. *See Bell*, 667 F.3d at 440.

### Discussion

The district court committed significant procedural error by "'failing to consider the [18 U.S.C.] § 3553(a) factors [and] failing to adequately explain the chosen sentence.'" *Bell*, 667 F.3d at 440 (quoting *Gall*, 552 U.S. at 51). The district court failed to adequately explain the application of each of the statutory sentencing factors, and to provide "an 'individualized assessment' based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (quoting *Gall*, 552 U.S. at 50).

This Court has made clear that the district court "must apply the relevant § 3553(a) factors to the specific circumstances of the case before it." *Carter*, 564 F.3d at 328. Doing this enables the district court "to consider every convicted person as an individual and every case as a unique study in the human failings that

25

sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon*, 518 U.S. at 113.   Here, however, important "specific circumstances" existing in Mr. Taylor's case were neither addressed nor individually assessed, which constitutes reversible error.  *See Carter*, 564 F.3d at 328 ("Where the defendant ... presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments.").

For example, the district court's cursory reference to "the history and characteristics of the defendant" was unreasonable and deficient.  Despite having before it a lengthy sentencing memorandum detailing Mr. Taylor's psycho-social background [JA 257-296], information describing a lifetime of undiagnosed mental illness [JA 298-300], medical records detailing a suicide attempt and hallucinations as a teenager [JA 301-302], argument from counsel that Mr. Taylor's criminal history—including his involvement in the instant offense—was intertwined with and informed by his various mental health issues [JA 147-149], and the undisputed fact that Mr. Taylor was held in isolation for the majority of his 28 months of pre-sentencing confinement [JA 270-271], the district court's only reference to the full extent of Mr. Taylor's "history and characteristics" was as follows:

> I have taken into account the defendant's arguments regarding his past and, frankly, the chaos from which the defendant has emerged. I recognize the fact that the defendant probably didn't even have a fair

chance to start in life. And I have – I've taken that into account and I have given some consideration in this variance for those factors.

[JA 172-173]  This perfunctory and superficial reference to what was a significant part of Mr. Taylor's sentencing argument was insufficient and an abuse of discretion.

The district court was also unreasonably cursory in its rejection of any significance that Mr. Taylor's troubled background and his youth had with respect to his prior convictions—particularly those convictions used to determine him to be a Career Offender.  Mr. Taylor's two prior convictions used to enhance him to the status of a Career Offender pursuant to U.S.S.G. § 4B1.1(a) occurred within 52 days of one another when Mr. Taylor was 17 years old. [JA 110-111, 290]  At sentencing, defense counsel argued that Mr. Taylor's age at the time of these offenses, and the circumstances involved, supported a downward variance. [JA 148-149]

Rather than explain how, if at all, the district court was reconciling Supreme Court precedent directing that the criminal justice system give full consideration to a person's age at the time of a crime—*see, e.g., Miller v. Alabama*, 132 S. Ct. 2455 (2012), *Graham v. Florida*, 560 U.S. 48 (2010), *Roper v. Simmons*, 543 U.S. 551 (2005)—the district court simply noted that Mr. Taylor was "nearly 18 years old" when the prior crimes were committed. [JA 113]

27

The district court also failed to make any mention whatsoever of Mr. Taylor's argument that his pre-sentencing confinement was an important consideration under § 3553. Mr. Taylor was held in his jail cell for 23 hours per day for the majority of his 28 months of pre-sentencing confinement. [JA 270-271] As defense counsel argued, "It is readily accepted within the mental health professional community that '[s]olitary confinement—that is the confinement of a prisoner alone in a cell for all, or nearly all, of the day with minimal environmental stimulation and minimal opportunity for social interaction—can cause severe psychiatric harm.' Stuart Grassian, *Psychiatric Effects of Solitary Confinement*, 22 WASH. U.J.L. & POL'Y 325 (2006)." [JA 271] Standing alone, but particularly when considered in context with Mr. Taylor's assorted mental health issues, the matter of his pre-sentencing confinement required consideration by the district court. *Cf. United States v. Pressley*, 345 F.3d 1205, 1219 (11th Cir. 2003) (holding that district court erred in concluding that departure was unavailable based on the conditions of defendant's presentence confinement and remanding to the district court for considering of "whether to depart on the ground of harshness of conditions of presentence confinement").

The district court also failed to consider the fact that Mr. Taylor was physically assaulted by another inmate at the Cherokee County Jail shortly before his sentencing in retaliation for his cooperation with the government. [JA 153,

272]  After being warned that his "snitching" would result in harm to himself, Mr. Taylor was assaulted by another inmate as he was walking across the cellblock toward his cell.  [JA 272, 309-329]

Because the district court failed to consider these facts in the context of 18 U.S.C. § 3553(a) factors, and failed to adequately explain the chosen sentence, this Court should vacate Mr. Taylor's sentence and remand for resentencing.

### C. The District Court Erred in Rejecting Michael Taylor's Claim that the Guidelines for Crystal Methamphetamine Under § 2D1.1 are Flawed and Should Not Be Applied.

#### Standard of Review

This Court reviews a district court's ruling on a legal issue *de novo*.  *See United States v. Mackins*, 315 F.3d 399, 405 (4th Cir. 2003).

#### Discussion

At sentencing, Mr. Taylor argued that the methamphetamine guidelines were "[i]ll-fitting, excessively harsh, and untethered to empirical data … [and] fundamentally flawed." [JA 264]  Accordingly, he argued, the district court should not have relied on those guidelines in fashioning a sentence under § 3553. [JA 104] The district court erred in rejecting Mr. Taylor's argument.

Mr. Taylor argued that the methamphetamine guidelines applicable in his case were not based on empirical data. [JA 261-262]  He further argued that the methamphetamine guidelines were particularly excessive. [JA 263]  Finally, he

argued that the methamphetamine guidelines were not "heartlands," *i.e.*, sentencing data over the years revealed that the guidelines range for methamphetamine offenses did not constitute the typical case or heartland**.**  [JA 263-264]

Support for Mr. Taylor's argument can be found in well-reasoned district court opinions.  *See*, *e.g*., *United States v. Hayes*, No. CR-12-4040, 2013 WL 2468038 (N.D. Iowa June 7, 2013) (varying downward to impose a 75-month sentence based on policy disagreement with methamphetamine guidelines); *United States v. Hubel*, 625 F. Supp. 2d 845, 853 (D. Neb. 2008) (varying downward to impose a sentence of time served based, in part, on the sentencing court's decision to afford the applicable methamphetamine Guidelines "less deference than it would to empirically-grounded Guidelines" "because they were promulgated pursuant to Congressional directive rather than by application of the Sentencing Commission's unique area of expertise"); *United States v. Goodman*, 556 F. Supp. 2d 1002, 1016 (D. Neb. 2008) (varying downward in a case involving a  conspiracy to manufacture methamphetamine case and holding that "[a] variance is appropriate in view of the fact that the Guidelines at issue were developed pursuant to statutory directive and not based on empirical evidence").

Notably, just a few months after the December 12, 2013 sentencing hearing, the government essentially agreed with Mr. Taylor's argument that the guidelines were excessive.  In April 2014, the U.S. Sentencing Commission voted to reduce

drug trafficking sentences by lowering the base offense levels listed in the Drug Quantity Table in § 2D1.1 across drug types.[3] And on April 10, 2014, Attorney General Eric Holder endorsed the Commission's vote to reduce the base offense levels.[4]

The methamphetamine guidelines relied on by the district court when sentencing Mr. Taylor were flawed, rendering Mr. Taylor's sentence constitutionally infirm. As a result, this Court should grant Mr. Taylor a new sentencing hearing.

## III.    The District Court's Sentence Was Substantively Unreasonable

### Standard of Review

This Court applies an abuse of discretion standard when reviewing a sentence for reasonableness. *See United States v. Curry*, 523 F.3d 436, 439 (4th Cir. 2008). In reviewing the reasonableness of the sentence imposed, legal questions are reviewed *de novo* and factual determinations are reviewed for clear error. *See United States v. Hampton*, 441 F.3d 284, 287 (4th Cir. 2006).

### Discussion

Mr. Taylor respectfully contends that the district court's sentence of 324 months imprisonment was substantively unreasonable. When reviewing a

---

[3]    *See*    http://www.ussc.gov/sites/default/files/pdf/news/press-releases-and-news-advisories/press-releases/20140410_Press_Release.pdf.

[4] *See* http://www.justice.gov/opa/pr/2014/April/14-ag-373.html.

sentence's substantive reasonableness, this Court takes into account the totality of the circumstances. *See Gall*, 552 U.S. at 51. If the sentence is within the guidelines range, this Court applies a presumption of reasonableness. *See United States v. Go*, 517 F.3d 216, 218 (4th Cir. 2008). A defendant can rebut the presumption "by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." *United States v. Montes-Pineda*, 445 F.3d 375, 379 (4th Cir. 2006).

When measured against the information provided to the district court concerning the § 3553(a) factors, Mr. Taylor's 324 month sentence was unreasonable. As the record makes clear, Mr. Taylor agreed to cooperate immediately and provided substantial assistance [JA 273-289]; was significantly addled by drug addiction during the course of his criminal conduct and at the time of his arrest on August 9, 2011 [JA 270, 438]; suffered "a history of physical and sexual abuse and other personal traumas," including abandonment by his parents, early exposure to drugs and alcohol, sexual abuse at the hands of an older relative, and living with a number of serious yet undiagnosed mental illnesses [JA 147, 264-272]; had a criminal history that was mitigated by his psycho-social background [JA 267-269]; had prior criminal convictions that increased his advisory sentencing guidelines that occurred when he was a juvenile [JA 148-149]; was assaulted in jail as a direct result of his cooperation with the government [JA 272, 309-329]; was

held in isolation—23 hours a day in his cell—for the majority of his 28 months of pre-sentencing detention [JA 270-271]; and was prescribed at least 18 different medications during his pre-sentencing detention to treat his manifold, serious mental health issues. [JA 271]

The government's position at sentencing was that the district court should depart such that a resulting sentence would be "two levels below the advisory guideline range of 360 months to life." [JA 411]   Notwithstanding this recommendation—*one that focused on merely one aspect of the factors enumerated by § 3553(a)*—the district court selected a sentence that paid little or no heed to the totality of circumstances present in Mr. Taylor's case.  Because the sentence imposed was greater than necessary to comply with the purposes of sentencing, and because the district court failed to consider pertinent § 3553(a) factors in selecting a 324 month sentence, the sentence is substantively unreasonable and should be vacated.

## CONCLUSION

For the reasons stated herein, Michael Taylor respectfully requests that the judgment of the district court be reversed and that he be granted a new sentencing hearing.

## STATEMENT REGARDING ORAL ARGUMENT

Mr. Taylor respectfully requests oral argument.

/s/ Jacob H. Sussman
Jacob H. Sussman
TIN, FULTON, WALKER
  & OWEN, PLLC
301 East Park Avenue
Charlotte, NC  28203
(704) 338-1220

*Counsel for Appellant*

**CERTIFICATE OF COMPLIANCE WITH RULE 32(A)**
**Certificate of Compliance with Type-Volume Limitation,**
**Typeface Requirements, and Type Style Requirements**

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this brief contains <u>7,783</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

                                        <u>/s/ Jacob H. Sussman</u>
                                        Jacob H. Sussman

                                        *Counsel for Appellant*

Dated: May 12, 2014

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 12th day of May 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Amy E. Ray
> OFFICE OF THE
>   UNITED STATES ATTORNEY
> United States Courthouse
> 100 Otis Street
> Room 233
> Asheville, NC  28801
> (828) 271-4661
>
> *Counsel for Appellee*

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

> /s/ Shelly N. Gannon
> Shelly N. Gannon
> GIBSON MOORE APPELLATE SERVICES, LLC
> 421 East Franklin Street, Suite 230
> Richmond, VA  23219